IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WOLFE TORY MEDICAL, INC., a Utah corp., <br><br> Plaintiff, <br><br> vs. <br><br> C.R. BARD, INC., a New Jersey corp., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND VACATING HEARING <br><br><br><br><br> Case No. 2:07-CV-378 TS |

Plaintiff seeks leave to amend the Complaint to add a claim for negligent misrepresentation and a claim under the Utah Unfair Practices Act (UPA). Plaintiff subsequently withdrew the motion as to adding a claim for negligent misrepresentation.[1] Defendant opposes the Motion on the grounds that (1) the proposed Amended Complaint fails to allege facts that state a claim under the UPA; and (2) the UPA claim is barred by the "economic loss rule."

> The Federal Rules of Civil Procedure provide that the district court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2).

---

[1] Pl.s' Reply at 11-12.

>The district court is not required to grant leave to amend, however, if amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[2]

In its proposed amended complaint,[3] Plaintiff alleges as follows: Plaintiff's trade secrets included information about its product and marketing information relating to that product. Defendant entered into a confidentiality agreement to obtain Plaintiff's trade secrets. The confidentiality agreement provides that Defendant was obtaining the trade secrets for the purpose of assessing its interest in entering into a further agreement with Plaintiff regarding Plaintiff's products. At the time it entered into the agreement, Defendant knew that it was already developing a competing product for the same market as Plaintiff but affirmatively represented to Plaintiff that it was the "first time that [Defendant] had seriously looked at a product opportunity in the area."[4] Defendant particularly requested and obtained confidential marketing information for the product. Once it had obtained the confidential information, Defendant used that information to market its own product rather than the purported purpose of the agreement—the consideration of entering into a further contract with Plaintiff. Defendant's action was an unfair method of competition in commerce.

---

[2]*Anderson v. Michael*, 2008 WL 920297, 8 (10th Cir. April 7, 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

[3]Docket No. 9, Ex. 1, ¶ 9.

[4]*Id*.

2

In its Reply brief, Plaintiff clarifies that it seeks relief under Utah Code Ann. § § 13-5-2.5[5] and -14.[6] Plaintiff candidly admits that previous case law, *Anapoell v. American Express Business Finance Corp.*,[7] from this Court sitting in diversity, construed the UPA as "meant to compensate for an injury caused by a decrease in competition or discrimination in price,"[8] neither of which is alleged by Plaintiff.

> The purpose of the UPA "is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting unfair *and* discriminatory practices by which fair and honest competition is destroyed or prevented." Utah Code Ann. § 13-5-17. To further the purpose, the Utah State Legislature mandated that the UPA "shall be liberally construed that its beneficial purposes may be subserved."[9]
>
> * * *
>
> Although the UPA should be liberally construed, Dr. Anapoell's reading—that unfair but not discriminatory practices are actionable under the UPA—goes far beyond a liberal construction.[10]

Plaintiff contends that *Anapoell* and *MacArthur v. San Juan County*,[11] an earlier federal district court case construing the UPA as requiring an allegation of a violation of a

---

[5] " Unless otherwise provided in [the UPA] "(1) Unfair methods of competition in commerce or trade are unlawful . . .."

[6] Providing private right of action for damages and injunction for violation of UPA.

[7] 2007 WL 4270548 (D. Utah 2007) (citing *Russell v. Lundberg*, 120 P.3d 541, 546-547 (Utah App. 2005) (finding "the facts alleged do not establish injury to competition so as to constitute illegal conduct under" § 13-5-3(1)(a)).

[8] *Id*. at *8.

[9] *Id*. at *7 (quoting Utah Code Ann. § 13-5-17) (emphasis added in *Anapoell*).

[10] *Id*. at *9.

[11] 416 F.Supp.2d 1098 (D. Utah 2005).

3

specific provision of the UPA,[12] are wrongly decided because they "improperly restrict the proper reach and application of the UPA."[13] Plaintiff urges that this court instead follow cases that more liberally "interpreting federal and state statutes similar to the UPA."[14]

The cases cited by Plaintiff do not reveal that they involve statutes containing interpreting language sufficiently similar to that of § 13-5-17, relied upon in *Anapoell*, to be persuasive. For example, in *McEvoy Travel Bureau, Inc. v. Norton Co.*,[15] the Massachusetts statute at issue was unlike the Utah statute in that it prohibited "unfair methods of competition *and* unfair *or* deceptive acts or practices in the conduct of any trade or commerce."[16] Further, the Massachusetts statute also differed from the UPA in that it expressly provided the "intent of the [Massachusetts] legislature . . . in construing" the statute was that "the courts will be guided by the interpretations given by the" FTC and by the "federal courts construing the" FTCA.[17] In contrast, the Utah legislature has made no such choice regarding reference to federal law for interpretation of the UPA.

In a diversity case like this one,"[w]hen the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no

---

[12]*Id.* at 1181.

[13]Pl.s' Reply at 10.

[14]*Id.*

[15]563 N.E.2d 188 (Mass. 1990).

[16]*Id.* at 194-95 (interpreting Mass. Gen. Laws ch. 93A § 2(a)).

[17]Mass. Gen. Laws ch. 93A § 2(b).

4

such rulings exist, must endeavor to predict how that high court would rule."[18] In the absence of case law from the Utah Supreme Court, the Court finds that *Anapoell* is persuasive authority on the interpretation of the UPA. Accordingly, the Court finds the proposed UPA claim would be subject to dismissal and, therefore, leave to amend must be denied. The Court need not reach Defendant's argument on the economic loss rule. It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend (Docket No. 19) is DENIED. It is further

ORDERED that the hearing set for May 7, 2008 at 2:30 p.m is VACATED.

DATED   May 5, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[18]*Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002); *accord Anapoell*, 2007 WL 4270548 at *9 n.12 (declining "plaintiff's offer to establish a new rule under Utah state law").